MELINDA HAAG (CABN 132612)
United States Attorney
DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division
PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney
    450 Golden Gate Avenue
    San Francisco, California 94102-3495
    Telephone:  (415) 436-6857
    Facsimile:   (415) 436-7234
    Email:        patricia.kenney@usdoj.gov
Attorneys for Plaintiff United States of America

ROGERS JOSEPH O'DONNELL
DEAN D. PAIK (CABN 126920)
    311 California Street
    San Francisco, California 94104
    Telephone:  415.956.2828
    Facsimile:  415.956.6457
    Email:   dpaik@rjo.com
Attorneys for Claimant Williams-Sonoma, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                PLAINTIFF,<br><br>    v.<br><br>APPROXIMATELY $572,530.46 IN FUNDS SEIZED FROM BANCO POPULAR NORTH AMERICA ACCOUNT #6808852229,<br><br>                DEFENDANT.<br><br>WILLIAMS-SONOMA, INC.,<br><br>                CLAIMANT. | NO. 14-CV-4435 VC<br><br>SETTLEMENT AGREEMENT AND ORDER |

The parties agree, subject to the Court's approval, to settle this action as follows:

1. Plaintiff is the United States. Defendant is $572,530.46. Claimant Williams-Sonoma, Inc., is the only party to have filed a timely claim and answer in order to appear and defend defendant $572,530.46. The United States and claimant Williams-Sonoma are referred to as the "Parties" in this document which is referred to as the "Settlement Agreement" or "Agreement."

2. After full and open discussion, the Parties have agreed to resolve any and all claims asserted against defendant $572,530.46 to avoid continued and protracted litigation. The Parties also agree that this Agreement resolves any and all claims which have, or could have, been asserted against the United States and the United States Secret Service, including any of their past or present officials, employees, agents, attorneys, their successors and assigns involved in the seizure giving rise to this action. The Parties further agree that the resolution of their claims is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the Parties, and that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the Parties. The Parties have entered into this Agreement in lieu of prolonged litigation and District Court adjudication.

3. As alleged in the Complaint for Forfeiture, claimant Williams-Sonoma attempted to pay one of its vendors, RR Donnelly, approximately $1,410,455.33 for goods and services it had purchased. Fraudsters posing as RR Donnelly without authorization caused the $1,140,455.33 to be diverted to a number of the fraudsters' bank accounts, including the one from which the United States Secret Service later seized defendant $572,530.46. Williams-Sonoma was able to recover $132,120.50 of its $1,140,455.33 loss through its bank, Bank of America, but was unable to recover the remainder of its loss. Subsequently, claimant Williams-Sonoma paid the approximately $1,410,455.33 it owed to RR Donnelly and presented evidence to show the United States that it paid that amount. Thus, a material

fact for the United States entering this agreement is that claimant Williams-Sonoma has suffered a loss from the fraud of $1,410,455.33 less the $132,120.50 it recovered from Bank of America.

4. The United States filed this instant judicial action because the funds in the account which later became defendant in this lawsuit exceeded $500,000. In addition to defendant $572,530.46, however, the United States Secret Service seized proceeds of the same fraud from two of the fraudsters other bank accounts; those seized funds were administratively forfeited; Williams-Sonoma filed a petition for remission of the administratively forfeited funds; and the United States Secret Service granted the Williams-Sonoma petition with the result that approximately $446,277.36 has been or will be returned to Williams-Sonoma. A material fact for the United States in entering into this agreement is that claimant has no other means of recovering the amount of its outstanding loss and that together the amount remitted from the administrative forfeiture and defendant in this case will not exceed the loss to Williams-Sonoma of the fraud which was $1,410,455.33 less the $132,120.50 it recovered from Bank of America.

5. This Settlement Agreement is expressly understood by the Parties not to be an adjudication of the merits of any factual or legal issue involving claims which were brought. The Parties further agree that defendant $572,530.46 will be returned to claimant Williams-Sonoma with interest accrued, calculated pursuant to 28 U.S.C. § 1961, from the date on which the seizure occurred, on or about May 19, 2014. The $572,530.46 plus the accrued interest will be paid by wire transfer to the account designated by claimant on an ACH form, provided that claimant Williams-Sonoma first provides both a properly filled out ACH form and a properly filled out W9 form to the undersigned Assistant United States Attorney. The Assistant United States Attorney will provide the appropriate forms.

6. Payment of defendant $572,530.46 to claimant Williams-Sonoma shall be in full settlement and complete satisfaction of any and all claims which claimant, its heirs, representatives and assignees made or could have made in this case. Further, claimant Williams-Sonoma releases and discharges the United States and the United States Secret Service, as well as their past and present officials, employees,

agents, attorneys, successors and assigns, from any and all claims which have been made, or could have been made, in this case.

7. Claimant Willliams-Sonoma agrees to indemnify and hold harmless the United States and the United States Secret Service, as well as their past and present officials, employees, agents, attorneys, successors and assigns, for any and all claims pertaining to defendant $572,530.46, including but not limited to those arising out of the seizure of defendant $572,530.46, or the allegations in the civil complaint for forfeiture in this action.

8. Each party agrees to bear its or his own attorney's fees and costs related to this action.

9. The Parties agree that, should any dispute arise with respect to the implementation of this Settlement Agreement, no party shall seek to rescind the Agreement but can apply to the Court, if necessary, for enforcement of the Agreement. The Parties agree that the Court retains jurisdiction for the purpose of enforcing this Settlement Agreement. In any such enforcement proceeding, however, each Party agrees to bear its own attorney's fees and costs.

IT IS SO STIPULATED:

Dated: February 18, 2015

MELINDA HAAG
United States Attorney

PATRICIA J. KENNEY
Assistant United States Attorney

ROGERS JOSEPH O'DONNELL

Dated: February 18, 2015

DEAN D. PAIK
Attorneys for Claimant Williams-Sonoma, Inc.

Dated: February 17, 2015

KRISTIN MILLER, CONTROLLER
Claimant Williams-Sonoma, Inc.

IT IS SO ORDERED ON THIS 19th DAY OF FEBRUARY, 2015.

HONORABLE VINCE CHHABRIA
United States District Judge

SETTLEMENT AGREEMENT
NO. 14-CV-4435 VC                           3